IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, § § § § § § § § § § § § § § | Case No:  2:15-cv-01641-JRG-RSP JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | |
| AT&T MOBILITY LLC, | |
| Defendant. | |

**AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT**

1

Defendant AT&T Mobility LLC[1] ("AT&T" or "Defendant") hereby files this Answer to the Complaint for Patent Infringement of Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "Rothschild") (Dkt. 1), and asserts defenses and counterclaims as set forth below. AT&T denies all allegations in the Complaint unless specifically admitted herein. AT&T reserves the right to raise additional defenses and counterclaims based on discovery and further factual investigation in this case.

## PARTIES AND JURISDICTION

1. Paragraph 1 of Plaintiff's Complaint contains a legal conclusion to which no response is required. AT&T admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, but denies any liability thereunder and denies that Plaintiff is entitled to any of the relief it seeks.

2. AT&T admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States. AT&T admits that this Court has jurisdiction over claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a), but AT&T denies that Plaintiff has stated such a claim.

3. The allegations of paragraph 3 are not directed to AT&T, and therefore no answer is required. To the extent a response is deemed necessary, AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. The allegations of paragraph 4 are directed towards AT&T Corp. and are moot in view of the substitution of AT&T Corp. with AT&T Mobility LLC. *See supra*, n. 1.

---

[1] The Court granted the parties' agreed motion to substitute AT&T Corp. with AT&T Mobility LLC as the defendant in this action. *See* Order Granting Agreed Motion to Substitute Parties (Dkt. 7). Thus, this Answer to Plaintiff's Complaint is filed on behalf of AT&T Mobility LLC.

5. AT&T does not contest personal jurisdiction in this District solely for the purpose of this action. AT&T denies that it has committed any acts of infringement within the State of Texas, or any other District. AT&T admits that it has conducted business in the state of Texas. Whether AT&T has engaged in continuous and systematic activities in the state of Texas is a legal conclusion to which no response is required. AT&T denies the remaining allegations of paragraph 5.

6. AT&T admits that it provides the AT&T Smart Limits™ service in the Eastern District of Texas. AT&T denies that the AT&T Smart Limits™ service, or any other AT&T product and/or service, infringes the '090 Patent. AT&T denies the remaining allegations of paragraph 6.

## VENUE

7. AT&T does not contest that venue is proper in the Eastern District of Texas for purposes of this action, but denies that venue in this judicial district is convenient or in the interests of justice under 28 U.S.C. § 1404(a). AT&T denies that it has committed any acts of infringement within the Eastern District of Texas, or any other District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

8. AT&T's response to paragraph 8 of Plaintiff's Complaint incorporates by reference AT&T's responses to the allegations of paragraphs 1-7 above.

9. AT&T admits that the Complaint purports to state a cause of action under the patent laws of the United States, and, in particular, under 35 U.S.C. §§ 271, *et seq*. AT&T denies that the Complaint states a claim upon which relief can be granted.

10. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. AT&T admits that what purports to be a copy of U.S. Patent No. 8,788,090 (the "'090 Patent"), titled "System and Method for Creating a Personalized Consumer Product," was attached to Plaintiff's Complaint as Exhibit A.

12. AT&T denies the allegations of paragraph 12.

13. AT&T denies the allegations of paragraph 13.

14. AT&T admits that it provides the AT&T Smart Limits™ service, and AT&T also admits that it provides cellular telephones. AT&T denies that any claim of the '090 Patent is infringed by the AT&T Smart Limits™ service, by any cellular telephone sold by AT&T, and/or by any other AT&T product and/or service. AT&T denies the remaining allegations of paragraph 14.

15. AT&T denies the allegations of paragraph 15.

16. AT&T denies the allegations of paragraph 16.

17. Paragraph 17 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

## PRAYER FOR RELIEF

18. Paragraph 18 sets forth the statement of relief requested by Plaintiff, to which no response is required. AT&T denies that Plaintiff is entitled to any of the requested relief and denies any allegations set forth therein.

## DEFENSES

AT&T alleges and asserts the following defenses in response to the allegations contained in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. AT&T specifically reserves all rights to allege additional defenses and counterclaims that become known through its investigation into Plaintiff's allegations during the course of discovery.

### FIRST DEFENSE

(Failure to State a Claim)

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

(No Patent Infringement)

2. AT&T does not infringe and has not infringed directly or indirectly, either literally or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of the '090 Patent.

### THIRD DEFENSE

(Patent Invalidity)

3. The '090 Patent is invalid and/or unenforceable under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of non-statutory double patenting.

### FOURTH DEFENSE

(Prosecution History Estoppel)

4. Plaintiff is estopped from asserting its claims for patent infringement against AT&T under the doctrine of prosecution history estoppel.

## FIFTH DEFENSE

(Estoppel, Acquiescence, Waiver, Unclean Hands, and Laches)

5. Plaintiff's claims are barred, in whole or in part by the doctrines of estoppel, acquiescence, waiver, unclean hands, and laches.

## SIXTH DEFENSE

(Limitation on Patent Damages)

6. Plaintiff's claim for damages, if any, against AT&T for alleged infringement of the '090 Patent is limited by 35 U.S.C. § 286. Plaintiff is also barred from recovering costs associated with this action under 35 U.S.C. § 288 because AT&T has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs.

## SEVENTH DEFENSE

(Single Recovery Rule, Implied License, Patent Exhaustion, First Sale)

7. Plaintiff's claim for damages is also barred, in whole or in part, under the doctrines of the single recovery rule, implied license, patent exhaustion, and/or first sale.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, AT&T, for its Counterclaims against Rothschild, avers and alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking declaratory judgments of invalidity and non-infringement of U.S. Patent No. 8,788,090 (the "'090 Patent").

2. This action arises under the patent laws of the United States, §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

3. Counter-claimant AT&T Mobility LLC ("AT&T") is a Delaware limited liability company with a principal place of business at 1025 Lenox Park Blvd NE, Atlanta, GA 30319-5309.

4. On information and belief, Counterclaim Defendant Rothschild Connected Devices Innovations, LLC, ("Rothschild") is a Texas limited liability company with its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

6. An immediate, real, and justiciable controversy has arisen and now exists between AT&T and Rothschild as to whether the '090 Patent is invalid and has not been infringed.

7. This Court has personal jurisdiction over Rothschild on the bases that Rothschild's principal place of business is in Texas, and that Rothschild has submitted itself to

the Court's jurisdiction by filing its Complaint in this Court. The exercise of jurisdiction over Rothschild would be reasonable.

8. Rothschild has chosen this venue to enforce the '090 Patent. While AT&T contends that this is an inconvenient venue for Rothschild's claims, to the extent those claims are maintained in this venue, then, pursuant to 28 U.S.C. §§ 1391 and 1400(b), this venue is proper for AT&T's counterclaims against Rothschild.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,788,090)**

9. AT&T re-alleges and incorporates by reference the allegations of paragraphs 1-8 of these Counterclaims above as though fully set forth herein.

10. Rothschild has asserted claims against AT&T for alleged infringement of the '090 Patent.

11. AT&T does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '090 Patent, either literally or under the doctrine of equivalents.

12. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between AT&T and the Rothschild concerning the non-infringement of the '090 Patent.

13. AT&T is entitled to a declaratory judgment that AT&T does not infringe and has not infringed any valid and enforceable claim of the '090 Patent, directly or indirectly, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,788,090)**

14. AT&T re-alleges and incorporates by reference the allegations of paragraphs 1-13 of these Counterclaims above as though fully set forth herein.

15. In its Complaint, Rothschild contends that the '090 Patent is valid and has created a substantial, immediate, and real controversy between the parties as to the invalidity of the patent.

16. Each claim of the '090 Patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

17. Each claim of the '090 Patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103. The claims of the '090 Patent are also invalid for lack of enablement, insufficient written description, and/or indefiniteness as required by 35 U.S.C. § 112. The claims of the '090 Patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '090 Patent.

18. Each claim of the '090 Patent is also invalid for failing to recite patentable subject matter under 35 U.S.C. § 101.

19. AT&T is entitled to a declaratory judgment that each and every claim of the '090 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicially created doctrine of non-statutory double patenting.

## EXCEPTIONAL CASE

20. On information and belief, this is an exceptional case entitling AT&T to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Rothschild's assertion of the '090 Patent against AT&T with the knowledge that AT&T does not infringe any valid or enforceable claim of the '090 Patent; and/or that the asserted claims of the '090 Patent are invalid and/or unenforceable.

## REQUEST FOR RELIEF

21. AT&T requests that the Court enter judgment in AT&T's favor and grant relief as follows:

   a) a dismissal of all claims in Rothschild's Complaint against AT&T with prejudice and a complete denial of Rothschild's requests for damages, costs, attorney fees, and any other form of relief;

   b) judgment be entered declaring that AT&T does not infringe and has not infringed any valid and enforceable claim of the '090 Patent under any subsection of 35 U.S.C. § 271;

   c) judgment be entered declaring that the claims of the '090 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and 112, or unenforceable;

   d) an award to AT&T of its reasonable attorneys' fees, costs, and all interest, including without limitation any attorney awards based upon 35 U.S.C. § 285; and

   e) any such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

22. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AT&T demands a trial by jury on all issues triable by jury.

| | |
|---|---|
| Dated: December 7, 2015 | Respectfully submitted,<br><br>*/s/ Timothy S. Durst*<br>Timothy S. Durst<br>Lead Attorney<br>Texas Bar No. 00786924<br>tim.durst@bakerbotts.com<br>Douglas M. Kubehl<br>Texas Bar No. 00796909<br>doug.kubehl@bakerbotts.com<br>Ross G. Culpepper<br>Texas Bar No. 24069559<br>ross.culpepper@bakerbotts.com<br>Monica Hughes<br>Texas Bar No. 24087768<br>monica.hughes@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue, Suite 600<br>Dallas, Texas  75201-2980<br>Telephone: 214-953-6500<br>Facsimile: 214-953-6503<br><br>**ATTORNEYS FOR DEFENDANT AT&T MOBILITY LLC** |

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 7, 2015.

                                                      */s/ Ross G. Culpepper*
                                                      Ross G. Culpepper